Filed 11/25/24  P. v. Castro CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C099796 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFECOD20150006572) |
| v. | |
| JOSEPH ANTHONY CASTRO, | |
| Defendant and Appellant. | |

A jury found defendant Joseph Anthony Castro guilty of first degree murder in 2016.  In his direct appeal, defendant argued that his conviction should be reversed because ambiguous jury instructions permitted the jury to convict him of first degree murder under the natural and probable consequences doctrine—a theory which can only sustain a second degree murder conviction.  (*People v. Castro* (Feb. 16, 2021, C082126,

1

C089047) (*Castro*).)[1]  We rejected these arguments, concluding the trial court properly instructed the jury that "a conviction for murder as a natural and probable consequence of assault with a deadly weapon must be second degree murder." (*Ibid*.)

Since his conviction, defendant has filed four petitions seeking resentencing pursuant to what is now Penal Code section 1172.6.[2]  The trial court has denied each of the three petitions it has considered.  The court denied the most recent petition by attaching its order denying the previous petition, which reasoned that the jury's first degree murder verdict was not based on the natural and probable consequences doctrine, so defendant was not eligible for relief under what is now section 1172.6.

On appeal, defendant contends the trial court should have appointed counsel and permitted briefing on his fourth resentencing petition.  To establish prejudice, defendant argues he can make a prima facie showing for relief using the same argument he raised on direct appeal—ambiguous jury instructions permitted the jury to convict him of first degree murder under the natural and probable consequences doctrine.  The People respond that defendant's successive petition is barred by the doctrine of issue preclusion, defendant was represented by counsel who had the opportunity to present briefing, and, in any event, defendant's first degree murder conviction establishes as a matter of law that he is not eligible for resentencing under section 1172.6.

Assuming without deciding that the trial court erred and that defendant's successive petition is not barred, we nevertheless conclude he cannot establish prejudice because he is not eligible for relief under section 1172.6.  Just as this court decided on defendant's direct appeal, the jury's first degree murder verdict establishes as a matter of

---

[1]  On the court's own motion, we incorporate by reference the record on appeal in defendant's prior consolidated appeal, case Nos. C082126 and C089047.

[2]  Undesignated statutory references are to the Penal Code.

law that defendant's conviction was not based on the natural and probable consequences doctrine. Accordingly, we will affirm the denial of defendant's petition.

## I. BACKGROUND

In 2015, the People charged that defendant and his brother Salvador Alexander Castro II murdered J.H. and assaulted J.R. with a deadly weapon. The People argued that defendant's brother used the knife that inflicted the fatal wounds and that defendant either: (1) aided and abetted the murder, (2) aided and abetted an assault of which the murder was a natural and probable consequence, or (3) conspired to commit an assault of which the murder was a natural and probable consequence.

The trial court instructed the jury on the principles of aiding and abetting, the natural and probable consequences doctrine, and conspiracy, using CALCRIM Nos. 400, 401, 403, 416, 417, and 419. In order to comply with the holding in *People v. Chiu* (2014) 59 Cal.4th 155, the trial court modified CALCRIM No. 403 to instruct the jury: "If you find a defendant is guilty of murder under the natural and probable consequences doctrine, you are instructed that it is murder in the second degree."

The trial court also instructed the jury on the elements of murder and the degrees of murder using CALCRIM Nos. 500, 520, and 521. These instructions explained: "If you decide that the defendant committed murder, it is murder of the second degree, unless the People have proved beyond a reasonable doubt that it is murder in the first degree as defined in CALCRIM [No.] 521."

During its deliberations, the jury requested "clarification between 1st & 2nd degree murder." The trial court explained the degrees of murder again, referencing CALCRIM Nos. 403, 500, 520, and 521, and specifically reiterated: "If you find a defendant is guilty of murder under the natural and probable consequences doctrine, which I've just read, you are instructed that it is murder in the second degree." The jury found defendant guilty of first degree murder.

3

On appeal, defendant argued that his conviction should be reversed because ambiguous jury instructions permitted the jury to convict him of first degree murder under the natural and probable consequences doctrine—a theory that can only sustain a second degree murder conviction. (*Castro, supra*, C082126, C089047.) Specifically, defendant argued CALCRIM Nos. 403 and 417 permitted the jury to find him guilty of first degree murder under the natural and probable consequences doctrine, which violated our Supreme Court's decision in *People v. Chiu, supra*, 59 Cal.4th 155, "that an aider and abettor of a target offense may not be convicted of first degree murder under the natural and probable consequences doctrine." (*Castro, supra*, C082126, C089047.)

We rejected these arguments, concluding the trial court properly instructed the jury that "a conviction for murder as a natural and probable consequence of assault with a deadly weapon must be second degree murder." (*Castro, supra*, C082126, C089047.) With respect to CALCRIM No. 403, which instructed the jury on the application of the natural and probable consequences doctrine to aiding and abetting liability, we held that, because "the modification at the end of CALCRIM No. 403 was clear, there is no chance the jury would use the modified CALCRIM No. 403 to find [defendant] guilt[y] of first degree murder under a natural and probable consequences theory as an aider and abettor." (*Castro, supra*, C082126, C089047.) With respect to CALCRIM No. 417, which instructed the jury on the application of the natural and probable consequences doctrine to conspiracy liability, we held that, "[r]ead together, and presuming the jury reasonably applied them, the instructions inform the jury that while [defendant] may be liable for the natural and probable consequences of any conspiracy he belonged to, a conviction for murder as a natural and probable consequence of assault with a deadly weapon must be second degree murder." (*Castro, supra*, C082126, C089047.) Accordingly, we affirmed defendant's judgment. (*Ibid*.)

Defendant filed the first of four petitions seeking resentencing pursuant to what is now section 1172.6 in February 2019, which the trial court denied finding it lacked

4

jurisdiction while defendant's direct appeal was pending. Defendant appealed that denial, and we granted his request to consolidate his two appeals. (*Castro, supra*, C082126, C089047.) We concluded the provisions of what is now section 1172.6 were inapplicable to defendant's first degree murder conviction: "As previously discussed in resolving several of [defendant]'s other attacks on his first degree murder conviction, the jury was appropriately instructed that liability for murder under a natural and probable consequences theory, whether as an aider and abettor or as a conspirator, was limited to second degree murder. The jury could not find him liable for first degree murder except by finding beyond a reasonable doubt premeditation and deliberation, and substantial evidence supports this verdict." (*Castro, supra*, C082126, C089047.) Therefore, we concluded "the jury could not have based its verdict under a natural and probable consequences theory." (*Ibid.*)

After we filed our opinion resolving defendant's first two appeals, he filed another resentencing petition in July 2021, which it appears the court did not rule on before defendant filed another petition in July 2022. The trial court denied the July 2022 petition in September 2022, finding defendant was not eligible for relief because the jury's first degree murder verdict was not based on the natural and probable consequences doctrine. Defendant then filed the most recent petition in September 2023. For the most recent petition, defendant attached a note explaining that changes to the law made effective January 1, 2022, permitted him to file the new petition. The court denied the most recent petition in October 2023, attaching its order denying the previous petition.

Defendant timely appealed from the denial of his fourth resentencing petition.

## II. DISCUSSION

Defendant contends the trial court should have appointed counsel and permitted briefing on his fourth resentencing petition, but he concedes these errors are subject to harmless error review. To establish prejudice, defendant argues he can make a prima

5

facie showing for relief using the same argument he raised in his direct appeal—ambiguous jury instructions permitted the jury to convict him of first degree murder under the natural and probable consequences doctrine. The People respond that defendant's successive petition is barred by the doctrine of issue preclusion; defendant was represented by counsel who had the opportunity to present briefing; and, in any event, defendant's first degree murder conviction establishes as a matter of law that he is not eligible for resentencing under section 1172.6.

For this appeal, we will assume without deciding that the trial court erred and that defendant's successive petition is not barred, but we nevertheless conclude he cannot establish prejudice because he is not eligible for relief under section 1172.6. Just as this court decided on direct appeal, the jury's first degree murder verdict establishes as a matter of law that defendant's conviction was not based on the natural and probable consequences doctrine. This conclusively refutes the allegation in defendant's petition that he "could not presently be convicted of murder . . . because of changes made to Penal code §§ 188 and 189, effective January 1, 2019."

The specific change relevant here is the Legislature's amendment of section 188 to abolish liability for murder under the natural and probable consequences doctrine. (*People v. Curiel* (2023) 15 Cal.5th 433, 448-449 (*Curiel*).) The Legislature also created what is now section 1172.6, "a procedural mechanism 'for those convicted of . . . murder under the natural and probable consequences doctrine to seek relief' " if this substantive change affected a defendant's conviction. (*Curiel, supra*, at p. 449.) To be eligible for relief under section 1172.6, a defendant must establish that he "could not presently be convicted of murder . . . because of [these] changes to Section 188." (§ 1172.6, subd. (a)(3).)

Trial courts reviewing a section 1172.6 petition to determine whether the defendant has made a prima facie case for relief may " 'distinguish[] petitions with potential merit from those that are clearly meritless' based on findings already made by

6

the jury." (*Curiel, supra*, 15 Cal.5th at p. 465.) A jury finding from a defendant's trial that establishes the defendant was not convicted under an impermissible theory of liability will ordinarily " 'preclude the defendant from making a prima facie case for relief.' " (*Id.* at pp. 460, 465.)

" 'In general, whether a prior finding will be given conclusive effect in a later proceeding is governed by the doctrine of issue preclusion.' " (*Curiel, supra*, 15 Cal.5th at p. 451.) " ' "First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." ' " (*Id.* at pp. 451-452.) Our Supreme Court has noted that "it is difficult to foresee a situation in which a relevant jury finding, embodied in a final criminal judgment, would not meet the traditional elements of issue preclusion." (*Id.* at p. 454.)

Here, defendant appears to be arguing that the jury's first degree murder verdict did not necessarily decide that he aided and abetted the murder, rather than aiding and abetting or participating in a conspiracy to commit an assault, of which murder was a natural and probable consequence. As we did in defendant's direct appeal, we disagree. The trial court clearly instructed the jury: "If you find a defendant is guilty of murder under the natural and probable consequences doctrine, you are instructed that it is murder in the second degree." The court also reminded the jury of this instruction when answering the jury's question about the degrees of murder. Accordingly, we conclude the jury could not have based its verdict on the natural and probable consequences doctrine. Rather, the jury necessarily decided that defendant aided and abetted first degree murder. This jury finding precludes defendant from making a prima facie case for relief.

We also note that issue preclusion operates on a second level in this appeal, because we already decided in defendant's direct appeal that the jury's verdict made defendant ineligible for relief under what is now section 1172.6. (*Castro, supra*, C082126, C089047.) Having determined that defendant is ineligible for relief, we conclude defendant could not have been prejudiced by any errors in failing to appoint counsel or receive briefing. Accordingly, we will affirm the court's order denying defendant's fourth resentencing petition.

### III.  DISPOSITION

The October 11, 2023, order denying defendant's resentencing petition is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

DUARTE, Acting P. J.

/S/

_____

MESIWALA, J.

8